CLARK, C. J., concurring. *Page 294 
This is an action to recover damages for the wrongful ejection of the plaintiff from the defendant's train.
According to the plaintiff's evidence, he bought a ticket from the defendant's agent at Wilmington, N.C. on 20 April, 1905, for his passage from Wilmington to Farmers, N.C. on defendant's road; that he boarded the train at Wilmington on that date, and before he reached Farmers he went to sleep and did not get off the train there, because he was asleep; that he had on that day been discharged from the hospital, and took the train to go to his father's, who lived at Farmers. After the train passed Farmers the conductor come to him about the time the train reached Hallsboro station and said: "Your ticket read Farmers. Why didn't you get off there?" That he told the conductor he (368) was asleep and did not know when he reached Farmers; conductor told plaintiff that he would have to pay his fare or get off the train; the plaintiff told the conductor: "He guessed he would have to carry him until he met the next train and bring him back to Farmers." When the train reached Whiteville, plaintiff got off and brought a ticket from Whiteville to Cerro Gordo; got back on train to go to Cerro Gordo, where he lived. After the plaintiff boarded the train, the conductor came through to take up tickets. Plaintiff gave conductor his ticket bought at Whiteville; conductor punched it and put it in his pocket. Conductor came back and said: "Now, if you don't pay your fare from Farmers to Whiteville, I will put you off the train." The plaintiff refused to pay fare from Farmers to Whiteville; conductor then said he would keep the ticket for a part of fare from Farmers to Whiteville; conductor had train stopped and put plaintiff off train about 3 1/2 miles from Whiteville, where there were no houses and no people living, and no depot or station. Plaintiff asked conductor to let him go in the baggage car and get his bicycle in order that he might not be forced to walk to the next station, which the conductor refused to do. Plaintiff had to walk from where he was put off the train to Chadbourn, a distance of 3 1/2 miles. The plaintiff came to Whiteville the next day and went to the railroad agent and asked him if he had record of the ticket he bought the day before. It is 14 miles from Whiteville to Cerro Gordo. Plaintiff was not drunk, but had taken a drink. Plaintiff was the only witness offered in his own behalf. At the close of the plaintiff's evidence the defendant moved under section 539 of the Revisal of 1905 for judgment as in case of nonsuit. Motion overruled. Defendant excepted.
His Honor charged the jury, among other things: "If the jury find *Page 295 
from the greater weight of the evidence that the plaintiff, after purchasing this ticket at Whiteville, got back on the same train at Whiteville and gave the conductor this ticket for his passage on from Whiteville to Cerro Gordo, and the conductor took the ticket, and then demanded of the plaintiff his fare from Farmers to Whiteville, and the conductor stopped the train and put plaintiff off because he refused (369) to pay his fare from Farmers to Whiteville, then the defendant wrongfully ejected the plaintiff from his train, and you should answer the first issue `Yes.'" Defendant excepted.
There was a verdict and judgment in favor of the plaintiff, and the defendant appealed.
There is ample evidence to sustain the plaintiff's cause of action, and we find no error in the trial.
The verdict establishes the fact that the plaintiff was ejected from the train at a place forbidden by statute, and after the conductor had accepted and retained his ticket, and upon either ground the judgment should be affirmed.
No error.